UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY M. JOLLY,

       Plaintiff,

vs.

       Case No. 08-CV-13250
       HON. GEORGE CARAM STEEH

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (# 22);
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 11);
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 8); AND
DISMISSING PLAINTIFF'S CLAIMS

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Jeffrey M. Jolly's claim for judicial review of defendant Commissioner of Social Security's denial of his application for disability insurance benefits. The matter was referred to Magistrate Judge Steven D. Pepe, who issued a Report and Recommendation on July 23, 2009 recommending that defendant Commissioner's motion be granted, that Jolly's motion be denied, and that Jolly's claims be dismissed.

Jolly's benefit application alleges he has been disabled since August 1, 2005 due to disc bulging; thoracic scoliosis; degenerative disc disease in his lower back and knees; degenerative joint disease of the right elbow; and neck, shoulder, right elbow, left hand, and knee pain and numbness. Following a hearing, Administrative Law Judge (ALJ) David K. Gatto issued a April 25, 2008 decision finding that Jolly was not qualified for benefits

because he retained the functional capacity to perform other work existing in significant numbers in the national economy.[1] The Appeals Council denied Jolly's request for review on July 7, 2008.

An individual may obtain review of any final decision made by the Commissioner of Social Security, after a hearing, by filing an action in federal district court. See 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. Id. Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The Commissioner's decision must be affirmed if the decision is supported by substantial evidence in the record as applied to the correct legal standard. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

Plaintiff sought review of the Commissioner's decision. Both parties filed summary judgment motions. In adjudicating the competing motions for summary judgment in favor of the Commissioner, Magistrate Judge Pepe found that the ALJ properly evaluated the opinion evidence, followed the proper legal standards and the ALJ's findings are supported by substantial evidence. More specifically, Magistrate Judge Pepe finds that the ALJ Gatto's evaluation of the credibility of the opinions of Dr. Holmes, Dr. Levin and Dr. Peter is not one the court should set aside.

A party may file timely written objections to a magistrate judge's proposed findings

---

[1] At Step 1, the claimant must demonstrate he is not gainfully employed at the time of application. Step 2 requires the claimant to show that he suffers from a "severe" impairment. Step 3 requires the claimant to show that his severe impairment meets or equals an impairment as listed in Appendix 1, Subpart P, Regulations No. 4 of the Social Security Act. See 20 C.F.R. § 404.1520(f). Step 4 entails the Commissioner's review of the claimant's residual functional capacity and relevant past work to determine if the claimant can perform his past work. If not, the analysis proceeds to Step 5 to determine whether the claimant can perform any other work available in the economy. See Howard v. Commissioner of Social Security, 276 F.3d 235, 238 (6th Cir. 2002).

and recommendations.  See 28 U.S.C. § 636(b)(1).  "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made."  Id.  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.

Jolly objects that Magistrate Judge Pepe was mistaken when he stated that Dr. Holmes, the reviewing physician for the state disability determination agency, had available the August 16, 2005 evaluation of Dr. Levin, a physician who examined the Plaintiff on one occasion and who expressed the opinion that Jolly was disabled.  Plaintiff also objects that the ALJ adopted a non-examining physician's assessment of Plaintiff's functional capacity over the opinions and assessments of examining and treating sources.  Finally, Jolly objects to Magistrate Judge Pepe's finding that plaintiff's ability to perform daily activities is inconsistent with the opinions of Dr. Levin and Dr. Peter.

Plaintiff's objection that Magistrate Judge Pepe was mistaken when he stated that Dr. Holmes had available the August 16, 2005 evaluation of Dr. Levin is without merit.  In his report, Dr. Holmes noted Dr. Levin's August 16, 2005 opinion and quoted from it.  R. 173.  Magistrate Judge Pepe's finding that Dr. Holmes had Dr. Levin's report is supported by the evidence in the record. The plaintiff's objection on this issue is overruled.

The next objection focuses on weighing the credibility of the doctors' opinions. When analyzing the credibility of different doctors' opinions, the Sixth Circuit has stated:

> . . . . Generally, the opinions of treating physicians are given substantial, if not controlling, deference.  See King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984); 20 C.F.R. § 404.1527(d)(2).  Treating physicians' opinions are only given such deference when supported by objective medical evidence. Jones [v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003)].  "The determination of disability is [ultimately] the prerogative of the

3

> [Commissioner], not the treating physician." Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).

Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2003).  As stated in 20 C.F.R. § 404.1527(e)(1):

> (e) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.
>
> (2) Other opinions on issues reserved to the Commissioner. We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity (see §§ 404.1545 and 404.1546), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.
>
> (3) We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (e)(1) and (e)(2) of this section.

"While controlling weight will not be provided to a treating physician's opinion on an issue reserved to the Commissioner, the ALJ still must 'explain the consideration given to the treating source's opinion(s).'" Bass v. McMahon, 499 F.3d 506, 511 (6th Cir. 2007). (quoting SSR96-5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed.Reg. at 34474).

4

Plaintiff Jolly objects that the ALJ (and Magistrate Judge Pepe) adopted the opinion of Dr. Holmes, a non-examining physician, over the opinions and assessments of doctors that Plaintiff believes are treating sources (or at least examining sources), Dr. Levin and Dr. Peter.  Defendant responds that Dr. Homes' assessment constitutes substantial evidence and Dr. Levin's opinion is not entitled to substantial weight simply because Dr. Levin examined Plaintiff. In deciding whether there is substantial record evidence to support the Commissioner's decision, this court does not try the case de novo, resolve conflicts in evidence, or decide questions of credibility.  Bass, 499 F.3d at 509.  If the decision is supported by substantial evidence on the record, the court "will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth, 402 F.3d at 595.  The decision of which doctor's opinion to give more weight to is a question of credibility that the court will defer to if there is substantial evidence that supports the conclusion.

In evaluating the ALJ's credibility determination, Magistrate Judge Pepe found that the "ALJ rejected the opinions of Dr. Levin and Dr. Peter because the record lacked objective findings to support the extreme degree of limitation opined by both doctors, and the opinions were inconsistent with Plaintiff's established activity level."  Report and Recommendation, at 15.  Neither doctor presents great detail of the objective medical facts that support their conclusions.  Dr. Levin does not cite any objective medical evidence that supports his conclusion.  Dr. Peter states that his opinion is based upon "MRI findings," but does not explain how the results of the MRI justifies the extreme limitations identified.  The opinions of Dr. Levin and Dr. Peter are not entitled to the deference that is granted to the opinion of treating sources, because opinions of

5

treating sources are entitled to deference only if they are supported by objective medical evidence. Jones, 336 F.3d at 477.[2]

Magistrate Judge Pepe also found that the opinions of Dr. Levin and Dr. Peter are countered by substantial evidence in the record, including plaintiff's ability to "fish and sculpt, at least on a rare occasion, attend church regularly, do grocery shopping, help take care of his young son, prepare household meals, do household chores, and use a riding lawn mower." Report and Recommendation, at 17. The numerous activities that plaintiff can perform made it proper for the ALJ and Magistrate Judge Pepe to discount the opinions of Dr. Levin and Dr. Peter. In addition, Magistrate Judge Pepe stated that "both opinions are also inconsistent with certain other medical evidence in the record." Report and Recommendation, at 17. The medical evidence in the record provides further evidence to support the ALJ's and Magistrate Judge Pepe's credibility determination. Magistrate Judge Pepe also found that the ALJ properly gave "some weight" to the opinion of Dr. Holmes, "while augmenting it with the nonexertional limitations resulting from Plaintiff's depression." Report and Recommendation, at 14. Dr. Holmes is a state agency medical consultant, which are highly qualified experts in Social Security disability evaluation and an ALJ must consider their findings as opinion evidence. 20 C.F.R. § 404.1527(f)(2). Dr. Holmes' opinion is supported by the evidence in the record, making it proper for the ALJ and Magistrate Judge Pepe to give

---

[2]In evaluating the opinion of the doctors, Magistrate Judge Pepe also noted that it is not clear that Dr. Levin is a treating physician and characterized him as a non-treating source. The plaintiff objects to the Magistrate's conclusion. While it appears that Levin is not a treating source because he only examined plaintiff on one occasion, the determination is irrelevant, because even if he is a treating source, his opinion is not entitled to the great deference that is sometimes granted to treating sources' opinions.

Dr. Holmes' opinion "some weight."  There is substantial evidence in the record that justified Magistrate Judge Pepe's conclusions that the ALJ properly discounted the opinions of Dr. Levin and Dr. Peter, as well as gave proper weight to the opinion of Dr. Holmes.

Plaintiff also objects to Magistrate Judge Pepe's finding that plaintiff's ability to perform normal activities (including attending church, grocery shopping and taking care of his son) is inconsistent with the opinions of Dr. Levin and Dr. Peter.  As noted above, the evidence in the record (including plaintiff's daily activities) justifies the ALJ's and Magistrate Judge Pepe's determination that the opinions of Dr. Levin and Dr. Peter should be discounted.  Plaintiff cites Rogers v. Commissioner of Social Security, 486 F.3d 234 (6th Cir. 2007) and other cases for the proposition that the ability to perform some household activities is not comparable with typical work activities.  In Rogers, 486 F.3d at 248-49, the court found that the ALJ mischaracterized the plaintiff's testimony and the plaintiff was very limited in the activities that they could perform and experienced a great deal of pain. In addition, the court in Rogers relied on other reasons that the ALJ's opinion was not supported by substantial evidence.  In this case, the plaintiff does not object that the ALJ has mischaracterized the plaintiff's testimony or that the plaintiff cannot perform these activities.  Furthermore, the plaintiff does not dispute the other factors that the ALJ and Magistrate Judge Pepe relied upon in making the credibility determination.  For instance, the plaintiff does not dispute that Dr. Levin and Dr. Peter's opinions are countered by other medical evidence in the record or that the opinions are not supported by objective medical evidence. Plaintiff's objection is misplaced, because Magistrate Judge Pepe did not solely rely upon plaintiff's activities

in deciding to discount the opinions of Dr. Peter and Dr. Levin, nor was Magistrate Judge Pepe's reliance on plaintiff's ability to perform these activities improper. Plaintiff's objection is overruled.

Plaintiff's objections are hereby OVERRULED.  Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Pepe's July 23, 2009 Report and Recommendation, GRANTS defendant Commissioner's motion for summary judgment, and DENIES plaintiff Jeffrey Jolly's motion for summary judgment.  Jolly's claims are hereby DISMISSED with prejudice in their entirety.

SO ORDERED.
Dated:  September 9, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 9, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk